UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JOHNNY GUEVARA-VASQUEZ,

     Petitioner,

v.                                  No. 1:25-CV-258-H

KRISTI NOEM, et al.,

     Respondents.

## ORDER

The petitioner, Johnny Guevara-Vasquez, filed a 74-page habeas petition last November challenging his detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 1.[1] Today, the respondents filed their notice of intent to remove Guevara-Vasquez. Dkt. No. 12. The notice states that Guevara-Vasquez is now subject to a final order of removal. *Id.* at 1–2. He is thus subject to detention during the 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). And "[d]uring the removal period, detention is mandatory." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(2)).

Because Guevara-Vasquez's detention is indisputably mandatory for the duration of the removal period, and because he does not contest his removability, the Court dismisses his petition (Dkt. No. 1) as moot.

So ordered on April 8, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

[1] The Fifth Circuit recently upheld that policy on statutory grounds, holding that aliens like Guevara-Vasquez who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).